UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAZAR R. HINDO AND NADA
HINDO,

    Plaintiffs,

v.                                                                  Case No. 13-12912
                                                   Hon. Lawrence P. Zatkoff
                                                   Magistrate Mona K. Majzoub

THE BANK OF NEW YORK MELLON,
*formerly known as* THE BANK OF NEW
YORK, AS TRUSTEE FOR THE
CERTIFICATEHOLDERS OF CWALT, INC.,
ALTERNATIVE LOAN TRUST 2007-OH2,
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-OH2

    Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on June 9, 2014

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Defendant The Bank of New York Mellon's Motion to Dismiss [dkt 5] Plaintiffs' Complaint.  The motion has been fully briefed.  The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument.  Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted, without oral argument.  For the following reasons, Defendant's motion is GRANTED.

## II. BACKGROUND

A. FACTUAL BACKGROUND

This matter involves real property located at 49165 Parkshore Court, Northville, Michigan, 48168 (the "Property"). On June 13, 2007, Nazar R. Hindo and Nada Hindo ("Plaintiffs") entered into a mortgage loan transaction (the "Loan") with non-party Countrywide Bank, FSB ("Countrywide"). In connection with the Loan, Plaintiff Nazar Hindo executed a promissory note in the amount of $720,000.00 (the "Note"). Additionally, a mortgage on the Property (the "Mortgage") was executed by both Plaintiffs in favor of non-party Mortgage Electronic Registration Systems, Inc. ("MERS"), solely as nominee for Countrywide and Countrywide's successor and assigns. On October 20, 2011, MERS assigned the Mortgage to The Bank of New York Mellon, formerly known as The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-OH2, Mortgage Pass-Through Certificates, Series 2007-OH2 ("Defendant").

Plaintiffs defaulted on their obligations under the Mortgage and Note. As a result, the Property was sold by the foreclosing mortgagee, Defendant, at a sheriff's sale on August 16, 2012. At that time, Defendant made a winning bid of $880,760.34. The six-month redemption period expired on February 13, 2013. Plaintiffs did not redeem the Property.

B. PROCEDURAL BACKGROUND

On March 11, 2013, Defendant filed an eviction action in the 35th Judicial District Court of Michigan. Plaintiffs consented to entry of a judgment in favor of Defendant, granting Defendant possession of the Property on April 10, 2013 ("Consent Judgment"). Pursuant to the terms of the Consent Judgment expressly agreed to by Plaintiffs, Plaintiffs received no compensation and an order of eviction was issued on May 17, 2013.

On June 3, 2013, Plaintiffs initiated this litigation against Defendant in Wayne County Circuit Court. Defendant removed the matter to this Court on July 3, 2013. In their complaint, Plaintiffs:

1) bring an action to quiet title (Count I);
2) allege Defendant failed to determine whether Plaintiffs were eligible for a loan modification and did not send the required notice in violation of MCL § 600.3205 (Count II);
3) argue Defendants failed to post a true copy of the notice of foreclosure to the Property in violation of MCL § 600.3208 (Count III);
4) assert Defendant committed deceptive acts and unfair practices (Count IV); and
5) claim they are entitled to a preliminary and permanent injunction from this Court enjoining Defendants from evicting Plaintiffs from the Property (Count V).[1]

Defendant filed the instant motion on September 9, 2013, seeking an order of dismissal due to lack of subject matter jurisdiction and/or Plaintiffs' failure to state a claim upon which relief can be granted.

### III. LEGAL STANDARD

#### A. FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1)

Fed. R. Civ. P. 12(b)(1) permits dismissal for "lack of jurisdiction over the subject matter." Lack of subject-matter jurisdiction may be asserted at any time, either in a pleading or in a motion. *See* Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Ky.*, 381 F.3d

---

[1] Plaintiffs have two counts labeled "Count IV". As such, the Court will treat the second "Count IV" as "Count V."

3

511, 516 (6th Cir. 2004). Here, Defendant's motion attacks the factual basis for the Court's jurisdiction.

### B. FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6)

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a party's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in that party's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than a bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). A party must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the party pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the alleged misconduct." *Id.* at 556. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000).

## IV. ANALYSIS

Defendant first asserts that the doctrine of res judicata bars Plaintiffs' complaint, and thus requests this Court to dismiss Plaintiffs' complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(1). As is established below, the Court agrees.

**A. Legal Standard**

"Federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816–17 (6th Cir. 2010) (citing *Abbott v. Michigan*, 474 F.3d 324, 330–31 (6th Cir. 2007)). "Michigan courts have broadly applied the doctrine of res judicata. They have barred, not only claims already litigated, but every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Dart v. Dart*, 460 Mich. 573, 586 (1999).

In determining whether the doctrine of res judicata bars a second, subsequent action, courts in Michigan must determine whether:

    1) the prior action was decided on the merits;
    2) both actions involve the same parties or their privies; and
    3) the matter in the second case was, or could have been, resolved in the first.

*See Buck*, 597 F.3d at 817.

Finally, it is well established that Michigan courts apply the doctrine of res judicata "to default judgments and consent judgments as well as to judgments derived from contested trials. *Schwartz v. City of Flint*, 187 *In re Cook Estate,* 155 Mich.App. 604, 609, 400 N.W.2d 695 (1986).

**B. Res Judicata Bars Plaintiffs' Complaint**

Applying the three-factor test delineated above, it is clear to the Court that the doctrine of res judicata bars Plaintiffs' complaint. First, both parties acknowledge that a Consent Judgment was reached and entered on April 10, 2013, by the 35th Judicial District Court of Michigan. Although Plaintiffs argue that they are not bound by this Consent Judgment, they provide no legal authority to support this claim. Instead, Plaintiffs assert that "a Circuit Court Judge has

already stopped the enforcement of the consent judgment." The Court finds this assertion hollow, as the Plaintiffs fail to support this statement with any evidence of such action. Indeed, the only "support" Plaintiffs provide is a reference to an exhibit that is not included in their filing. Thus the Court is not swayed by Plaintiffs' argument to abandon Michigan law on this matter. *See Trendell v. Solomon*, 178 Mich. App. 365, 369 (1989) ("We . . . hold that once the consent judgment is entered, it becomes a judicial act and possesses the same force and character as a judgment rendered following a contested trial or motion.").

Next, both parties agree that the Consent Judgment entered on April 10, 2013, involved the same parties as those included in the instant matter. Finally, Defendant correctly asserts that all of Plaintiffs' claims involving the allegedly improper actions taken by Defendant while foreclosing on the Property could have been resolved at the 35th Judicial District Court of Michigan. Plaintiffs do not even attempt to argue against this point, failing to address in any fashion why Plaintiffs did not present their claims to the state court. Instead, Plaintiffs simply posit—without presenting any argument or relevant[2] supporting authority—that this Court has subject matter jurisdiction. The Court is not convinced.

As such, the Court finds that Plaintiffs have failed to carry their burden of proving that jurisdiction exists. Accordingly, the Court finds that the doctrine of res judicata bars Plaintiffs from presenting their Complaint in this Court. *See Clink v. New York Cmty. Bank*, 13-11060, 2013 WL 1812203 at *3 (E.D. Mich. Apr. 30, 2013) ("The state lawsuit for possession was resolved in favor of the present defendant and that outcome cannot be challenged in this Court.").

---

[2] Although Plaintiffs cite to several Michigan cases that allegedly support their argument, the Court finds they are in no way relevant and do not support Plaintiffs' bald assertion that res judicata does not bar their claims. Indeed, two of the three cases are completely off point and the third, *Sewell v. Clean Cut Mgmt., Inc.* 463 Mich. 569 (2001), strongly supports Defendant's argument. It is clear to the Court that Plaintiffs' counsel has completely failed to present a cognizable argument to support his client's claims. The Court encourages Plaintiffs' counsel to spend more time preparing filings before this Court in order to avoid such failures—and sanctions—in the future.

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss [dkt 5] is GRANTED.

IT IS SO ORDERED.

                                        s/Lawrence P. Zatkoff
                                        HON. LAWRENCE P. ZATKOFF
Date:  June 9, 2014            U.S. DISTRICT JUDGE